UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE TORRES FEIJOO, TDCJ #683294, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-19-1032 |
| STATE OF TEXAS, | § § § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

State inmate Joe Torres Feijoo (TDCJ #683294) has filed this civil action seeking a writ of mandamus against the State of Texas in connection with criminal charges from El Paso County that resulted in his conviction on two counts of attempted murder in 1993. Because Feijoo is a prisoner who has not paid the filing fee, the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. DISCUSSION

Feijoo is presently serving concurrent sentences of life imprisonment in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Jester III Unit in Richmond as the result of two convictions for attempted murder that were entered against him in 1993 in El Paso County Cause No. 70264.[1] In his pending complaint, Feijoo argues that his attempted murder convictions were entered illegally because his indictment was "void" and the trial court was therefore without jurisdiction to enter judgment or impose the life sentences that he received. Feijoo asks this Court to issue a writ of mandamus, directing the State of Texas to acquit him of the attempted murder charges and release him from prison.

To the extent that Feijoo seeks a writ of mandamus, his request is governed by 28 U.S.C. § 1361. This statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The State of Texas is not an agency of the United States for purposes of § 1361. In that respect, it is well established that federal courts have no power to issue a writ of mandamus to direct state officials in the performance

---

[1] The Court takes judicial notice of the plaintiff's underlying state court proceedings, which are part of the record in a previous federal habeas corpus action. *See* Order Granting Respondent's Motion to Dismiss, in *Feijoo v. Thaler*, Civil No. 3:13-0218 (W.D. Tex. Feb. 6, 2014) [Doc. # 25, at 1-3].

2

of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Because the relief sought is not available in a civil action under § 1361, the case will be dismissed as legally frivolous and will count as a strike for purposes of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See In re Jacobs*, 213 F.3d 289, 290-91 (5th Cir. 2000) (per curiam) (holding that dismissal of a frivolous mandamus action counted as a strike for purposes of the PLRA, 28 U.S.C. § 1915(g)).

To the extent that Feijoo seeks relief from a state court conviction, the Supreme Court has emphasized that a prisoner's exclusive remedy is the writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Because court records confirm that Feijoo has sought federal habeas review of his attempted murder convictions previously, his pending request for relief constitutes an unauthorized successive application that is prohibited by 28 U.S.C. § 2244(b). Any such challenge at this late date is further barred by the governing statute of limitations found in § 2244(d). For these alternative reasons, the case must be dismissed.

## II.    CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil action for a writ of mandamus filed by Joe Torres Feijoo (TDCJ #683294) is **DISMISSED** with prejudice as legally frivolous.

2. The dismissal of this civil action will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on <u>April 17</u>, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE